UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

AVREN SCOTT,

    Plaintiff,

v.

E. SMITH,

    Defendant.

No. 5:22-CV-205-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Proceeding without an attorney, Plaintiff Avren Scott has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendant Officer E. Smith. *See* DE 1. By prior Order, the Court granted Scott's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* DE 9. Thus, the Court must conduct a preliminary review of Scott's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Scott's complaint under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Scott alleges that, on December 15, 2020, he was falsely imprisoned after being arrested and charged with various drug-related offenses based upon an unlawful search of a vehicle by Smith. *See* DE 1. Scott further alleges that he was harassed by Smith because he is Black and that he was targeted due to his criminal record and background. Scott states that these charges were later dismissed by a Fayette County (Kentucky) grand jury and that his criminal case (Case No. 20-F-03728) was dismissed. *See* DE 1 at p. 4-5. Based upon these allegations, Scott seeks to sue Smith in both his official and individual capacity for violating Scott's Fourth and Fourteenth Amendments rights.

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court will permit Scott's individual capacity claims against Smith to proceed. Because Scott is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Officer E. Smith with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, Scott's official capacity claims against Smith will be dismissed for failure to state a claim for relief. An "official capacity" claim against a government official is not a claim against the officer arising out of her conduct as an employee of the government but is actually a claim directly against the governmental agency that employs the officer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, claims against Smith in his "official" capacity as an employee of the Lexington-Fayette Urban County Government ("LFUCG") are construed as claims against the LFUCG. However, because Scott does not allege that any of the actions alleged in the complaint were taken pursuant to an established policy of the

LFUCG, and because he otherwise makes no claims implicating LFUCG's own conduct, he fails to state a claim for relief against Smith in his official capacity. Thus, these claims will be dismissed without prejudice.

Accordingly, **IT IS ORDERED** as follows:

1. Scott's claims against Officer E. Smith in his official capacity are **DISMISSED WITHOUT PREJUDICE**;

2. The Deputy Clerk shall prepare a "Service Packet" for service upon Officer E. Smith (Badge # 54248). Each Service Packet shall include:

    a. a completed summons form;

    b. the Complaint, DE 1;

    c. the Order granting Plaintiff in forma pauperis status, DE 9;

    d. this Order; and

    e. a completed USM Form 285.

3. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

4. The USMS shall makes arrangements with the appropriate officials at the Lexington Police Department to personally serve Defendant Officer E. Smith (Badge # 54248) with a Service Packet at:

    Officer E. Smith (Badge # 54248)
    Lexington Police Department
    150 East Main St.
    Lexington, KY 40507

5. Scott must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

6. If Scott wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Scott files must include a written certification that he has mailed a copy of it to the Defendant or his counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 17th day of August, 2023.

Signed By:
Robert E. Wier  *REW*
United States District Judge