UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

AVREN SCOTT,

      Plaintiff,

v.

E. SMITH,

      Defendant.

No. 5:22-CV-205-REW

MEMORANDUM OPINION
AND ORDER

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without an attorney, Plaintiff Avren Scott previously filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant Officer E. Smith.  *See* DE 1 (Complaint).  Smith, through counsel, has filed a Motion to Dismiss Scott's Complaint as untimely.  *See* DE 19 (Motion).  Scott has filed a two-part Response.  *See* DE 23, 24 (Responses).[1]  Thus, this matter has been fully briefed and is ripe for review.

Before turning to the merits of Smith's Motion to Dismiss, the Court will address a filing by Scott captioned: "Pre-Trial Memorandum against Defendant Ethan Smith, also moving for Summary Judgment in Plaintiff Avren Scott's Favor under LR 7.1 (c) Defendant failure timely Respond to (DE 24)."  *See* DE 33 (Motion).  In this document, Scott requests judgment in his favor on the ground that Smith did not file a reply to Scott's Response to Smith's Motion to Dismiss.  *Id*.  However, while LR 7.1(c) establishes the time period within which a party *may* file a reply to a response to a motion, *see* LR 7.1(c), the rule requires no reply. *See Lyvers v. University of*

---

[1] The Court previously construed Scott's submission of "Part Two" of his Response as a motion for leave to Supplement his original Response and granted Scott's construed motion.  *See* DE 25 (Order).

*Louisville*, Crim. No. 3:21-cv-00006-GFVT, 2021 WL 5316439, at *4 (E.D. Ky. Nov. 15, 2021) (noting that the language in L.R. 7.1(c) "is permissive and does not require a reply to be filed at all.")  Accordingly, Scott's motion (DE 33) fails.

## I.

In his Complaint, Scott alleges that he was a passenger in a vehicle stopped by Smith in Fayette County, Kentucky, on December 15, 2020.  *See* DE 1 at 4.  As set forth in the Uniform Citation issued by Smith:

> On listed date and time I conducted a traffic stop on listed vehicle for the rear license plate not being illuminated.  Upon contact it was confirmed the driver had a suspended operator's license.  Probable cause search of the vehicle yielded over 2 grams of suspected powdered heroin in a plastic bag, several rolled up tinfoil packages containing Alprazolam pills, greater than 120 units, a digital scale, and a glass pipe.  The front passenger, Mr. Avren Scott, of the vehicle also had a large amount of cash in his possession, over $2,000.00.  The drugs and paraphernalia were located in the drivers side door and in the center console of the vehicle.  Both the driver and passenger denied all knowledge of the contraband located.

*See Commonwealth v. Scott*, No. 20-F-03728 (Fayette Dist. Ct. 2020) (Uniform Citation), *available at* https://kcoj.kycourts.net/CourtNet/Search/Index (accessed August 21, 2024).[2]

Scott was arrested by Smith and charged in the Fayette District Court with Trafficking in a Controlled Substance First Offense (Heroin), Trafficking in Controlled Substance Third Degree First Offense (120 D.U. Drug Unspecified), and Possession of Drug Paraphernalia.  *See id*.  As explained by Smith (and not disputed by Scott), in the Fayette County District Court proceedings,

---

[2] While the sufficiency of the complaint is generally evaluated with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), documents attached to the complaint or incorporated into the complaint by reference may also be considered.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.") (citation omitted)).  While Scott did not attach a copy of the Uniform Citation as an exhibit to his Complaint, he directly quotes from it in the allegations of his Complaint.  *See* DE 1 at p. 5-6.  In addition, the Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also* Fed. R. Evid. 201(b)(2).

Scott, represented by counsel, waived his right to a probable cause preliminary hearing, voluntarily sending his case directly to a Fayette County Grand Jury for consideration of a felony indictment. *See* DE 19 at 1.  On January 20, 2022, the Fayette County Grand Jury issued an Indictment charging Scott and his co-defendant with possession of drug paraphernalia, dismissing the two drug trafficking charges.  *See id.; see also Commonwealth v. Scott*, No. 20-F-03728 (Fayette Dist. Ct. 2020).  Scott's co-defendant pled guilty to the possession charge, and the possession of drug paraphernalia charge against Scott was dismissed without prejudice by the Fayette District Court on June 20, 2022.  *See* DE 19 at 2; *see also Commonwealth v. Scott*, No. 20-F-03728 (Fayette Dist. Ct. 2020).

While incarcerated by the Louisville Metro Department of Corrections on unrelated charges, Scott filed his Complaint against Smith in this Court on June 21, 2022.[3]  In his Complaint, Scott alleges that he was falsely imprisoned and harassed by Smith because he is Black and because of his criminal record and background.  *See* DE 1 at 4-5. Scott also claims that Smith's search of the vehicle was unlawful because Smith did not have a warrant, nor did he get permission from the owner of the car to search the vehicle.  *Id.*  Scott sues Smith pursuant to 42 U.S.C. § 1983, claiming that his false imprisonment, harassment, and the unlawful search and seizure violated his Fourth and Fourteenth Amendment rights.  *See* DE 1 at 5.

In his motion to dismiss, Smith argues that Scott's claims are barred by the applicable one-year statute of limitations.  *See* DE 19 at 3-5.  Specifically, Smith argues that, because Scott's

---

[3] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court.  *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 108 S. Ct. 2379 (1988) to civil matters).  Ordinarily, the Court presumes that this occurs on the date the complaint is signed.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  While Scott signed his Complaint on June 21, 2022, it was not received by the Clerk of the Court until August 10, 2022, in an envelope postmarked August 8, 2022.  *See* DE 1 at 6; DE 1-2.  Even so, given the legal mail certification and notations on the envelope, the Court will give Scott the maximum benefit of the doubt and construe his Complaint as being filed on June 21, 2022, the date he signed the Complaint.

claims accrued on December 15, 2020 (the date of Scott's arrest), the limitations period with respect to his claims expired on December 15, 2021, thus Scott's complaint filed in June 2022 was untimely. *See id*.

In his first Response to Smith's Motion, Scott does not address the statute of limitations issue at all. *See generally* DE 23. Rather, Scott's first Response focuses on the merits of his false imprisonment and unlawful search and seizure claims. *See* DE 23 at 1-2. In "Part Two" of his Response, Scott resists the one-year application and argues that the five-year limitation period provided by KRS § 413.120(6) and (12) should apply to his claims. *See* DE 24 at 2-3.

## II.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Scott is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Generally speaking, because a Rule 12(b)(6) motion considers only the allegations in the complaint, such a motion "is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations.'" *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547) (6th Cir. 2012)). However, "when 'the allegations in the complaint affirmatively show that the claim is time-barred...dismissing the claim under Rule 12(b)(6) is appropriate.'" *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (quoting *Cataldo*, 676 F.3d at 547) (other citation omitted)

4

(alterations in original).  In such circumstances, if the defendant meets its initial burden to show that the statute of limitations has run, "then the burden shifts to the plaintiff to establish an exception to the statute of limitations."  *Lutz*, 717 F.3d at 464; *see also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot 'escape the statute by saying nothing.'") (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)) (other citation omitted).

## III.

Clear law resolves this case under timeliness principles.  "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."  *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)).  In Kentucky, an action for injury to the person, malicious prosecution or arrest must be brought within one year after the cause of action accrues.  KRS § 413.140(1)(a), (c); *see also Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009) (holding that Kentucky's one year statute of limitations period applies to § 1983 actions).  In *Collard v. Kentucky Bd. of Nursing*, the Sixth Circuit expressly found that the five-year statute of limitations enumerated under KRS 413.120(6) does not apply to § 1983 cases. 896 F.2d 179, 180-83 (6th Cir. 1990). Thus, contrary to Scott's argument that the five-year limitations period provided by KRS § 413.120(6) and (12) (a bail-liability statute) applies to his claims, it is well established that Kentucky's one-year statute of limitations applies to civil rights claims brought pursuant to 42 U.S.C. § 1983.  *See Brown v. Wigginton*, 981 F.2d 913, 914 (6th Cir. 1992) ("There is also no dispute that in Kentucky there is a one-year statute of limitations on section 1983 actions.");

*Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013) ("Under Kentucky law, the limitations period is one year.").

Accordingly, Scott was required to bring his claims against Smith within one year of the date on which his claims accrued. KRS § 413.140(1)(a). Although the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros., Inc.*, 103 F.3d at 519); *see also Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original). For statute of limitations purposes, a claim accrues when the plaintiff becomes aware of the injury that forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 100 S. Ct. 352, 359 (1979)). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)); *see also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

With respect to Scott's false imprisonment claim, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 127 S. Ct. at 1100; *see also Fox*, 489 F.3d at 233 ("[S]tate law claims for false arrest and false imprisonment, which constitutes a single cause of action in Kentucky when law enforcement is involved, as well as assault and battery arising out of an arrest,

6

generally accrue at the time of the arrest."). Thus, the statute of limitations for Scott's claim that he was falsely detained, falsely arrested and unlawfully imprisoned began to run at the time of his arrest or, at the latest, when the ensuing legal proceedings began against him. *See Fox*, 489 F.3d at 233 ("A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest," and "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends."). Similarly, Scott's claims related to the allegedly unlawful search and seizure claim accrued at the time of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008) (noting that the statute of limitations on a claim based upon allegations of unlawful search and seizure begins to run on the date of the search); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same).

Scott was arrested on December 15, 2020, and appeared in the Fayette District Court for an arraignment on December 16, 2020. *See Commonwealth v. Scott*, No. 20-F-03728 (Fayette Dist. Ct. 2020). Applying the rules to this case, his claims related to his allegations of false and/or unlawful arrest accrued either December 15, 2020, or at the latest, per *Wallace*, when legal proceedings began against Scott with arraignment on December 16, 2020. Scott's unlawful search and seizure claim accrued at the time of the search and seizure, which occurred on December 15, 2020.[4]

Because Scott's claims accrued by December 16, 2020, he had one year from that date (or until December 16, 2021) within which to file his complaint. However, Scott did not file his Complaint in this case until June 21, 2022, over six months after the expiration of the applicable

---

[4] The Court addressed the arrest-claim accrual. Scott inconsistently describes being targeted both because of race and because of his prior record. Any profiling component would have accrued at the time of arrest, on these facts. *See Tsibouris v. Colerain Township*, Case No. 1:22-cv-458, 2022 WL 3716028, at *2-*3 (S.D. Ohio Aug. 29, 2022), *report and recommendation adopted*, 1:22-cv-458, 2023 WL 6370422 (S.D. Ohio Sept. 30, 2023) (applying personal-injury statute of limitations to racial profiling, and pegging accrual to arrest date); *Delaney v. Johnson City*, No. 2:09-CV-269, 2011 WL 540295, *3 (E.D. Tenn. Feb. 4, 2011) (tying accrual of racially profiled arrest to *date* of arrest).

statute of limitations. *See* DE 1. Accordingly, Scott's claims are time-barred and will be dismissed under Rule 12. *See also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (dismissing a prisoner's § 1983 claims "as frivolous" because the claims were "barred … by the applicable statute of limitations").

One final observation, Scott does not argue that, pursuant to the doctrine of *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), his claims based upon his allegations of an unlawful search did not accrue until the charges against him were dismissed on June 20, 2021. Thus, any such argument has been waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones.") (quotations and citations omitted). Even so, in *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 114 S. Ct. at 2372 (emphasis in original). Thus, when *Heck* applies, the accrual of a cause of action is deferred until the unlawful conviction is reversed or otherwise invalidated. *Id*.

However, even if Scott had raised this argument, it would be unsuccessful, as *Heck* did not pose an obstacle to Scott's ability to file a complaint bringing his false arrest and unlawful search and seizure claims prior to the dismissal of the criminal charges against him. In *Wallace*, the United States Supreme Court rejected the argument "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside."

8

*Wallace*, 127 S. Ct. at 1098 (emphasis in original). Thus, by holding that *Heck* is not to be extended into the pre-conviction arena, "[t]he *Wallace* court recognized that deferred-accrual reasoning of *Heck* was unnecessary and inappropriate in the pre-conviction setting because the common abstention practice of staying the § 1983 action would afford adequate protection to the plaintiff." *Eidson*, 510 F.3d at 639; *see also Fox*, 489 F.3d at 235 ("[T]he possibility that the plaintiff's already-accrued § 1983 claims might impugn an anticipated future conviction did not trigger the *Heck* rule for deferred accrual); *Steel v. Kelly*, No. 16-1215, 2016 WL 11618614, at *2 (6th Cir. Aug. 24, 2016) ("Because *Heck* does not create a bar to [the plaintiff's] Fourth Amendment search claims, the statute of limitations on those claims began to run when [the plaintiff] knew or had reason to know of the injury," which was the date that plaintiff knew or had reason to know of the search and seizure).

For all of these reasons, the Court finds that Scott's claims are time-barred.

Accordingly, it is hereby **ORDERED** as follows:

1.  Defendant Smith's Motion to Dismiss, DE 19, is **GRANTED**;

2.  Plaintiff Avren Scott's Complaint, DE 1, is **DISMISSED WITH PREJUDICE**.

3.  Scott's "Pre-Trial Memorandum against Defendant Ethan Smith, also moving for Summary Judgment in Plaintiff Avren Scott's Favor under LR 7.1 (c) Defendant failure timely Respond to (DE 24), DE 33, is **DENIED**;

4.  Any pending request for relief is **DENIED AS MOOT**;

5.  The Court will enter an appropriate Judgment; and

6.  This matter is **STRICKEN** from the Court's docket.

This the 26th day of August, 2024.

Signed By:

*Robert E. Wier*

**United States District Judge**